E-FILED
Friday, 16 February, 2018 04:34:28 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NOLAN RAMON NELSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 16-3089 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

RICHARD MILLS, United States District Judge:

On March 28, 2016, the United States Court of Appeals for the Seventh Circuit granted Petitioner Nolan Ramon Nelson's application to file a successive motion to vacate under 28 U.S.C. §2255, thereby authorizing this Court to consider his claim and the Government's defense.

Counsel was appointed to represent the Petitioner. A supplemental motion with exhibits was filed and the Government has filed its response.

For the reasons that follow, the Petitioner's motion under § 2255 is without merit.

I.

The Petitioner was sentenced as a career offender. In his motion, he sought to challenge his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015),

1

wherein the United States Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. The Seventh Circuit later held that because *Johnson* announced a new substantive rule of constitutional law, it has retroactive application. *See Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015).

The Government alleges that the Petitioner's claim is foreclosed by the United States Supreme Court's recent decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). Even if the Petitioner's claim was not foreclosed by *Beckles*, the Government asserts he waived his right to collaterally attack his sentence. The Government notes that, in dismissing the Petitioner's original §2255 motion, this Court previously determined that the waiver was enforceable. Additionally, the Government alleges the Petitioner's challenge to the advisory guidelines calculation is improper on collateral review.

II.

At sentencing, as a career offender with two prior felony drug convictions, the Petitioner faced a statutorily mandated sentence of life imprisonment pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. Accordingly, life imprisonment became the Petitioner's guideline range.

The Court allowed a motion to depart downward from the applicable guideline range. On August 22, 2005, the Petitioner was sentenced to 262 months imprisonment.

The Petitioner's sentence was affirmed on direct appeal in *United States v. Nelson*, 491 F.3d 344 (7th Cir. 2007). His subsequent motion under § 2255 was dismissed by this Court.

In November of 2014, the United States Sentencing Commission amended U.S.S.G. § 1B1.10, the policy statement which governs motions to reduce sentence under 18 U.S.C. § 3582(c)(2). Section 1B1.10 now provides:

> If the case involves a statutorily required minimum sentence and the Court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 . . . .

U.S.S.G. § 1B1.10(c). Accordingly, a determination that the Petitioner is no longer a career offender would permit him to seek sentencing relief under 18 U.S.C. § 3582(c), based on retroactive amendments to the sentencing guidelines that have the effect of lowering his original, non-career offender guideline range.

The Petitioner's presentence investigation report ("PSR") relied on two previous convictions in determining he qualified as a career offender under U.S.S.G. § 4B1.1. One conviction was an aggravated battery conviction from Adams County, Illinois, Case Number 94-CF-362. According to paragraph 35 of

3

the PSR, the aggravated battery conviction was determined to be a qualifying conviction for the career offender guideline pursuant to U.S.S.G. § 4B1.2(a), which defines "crime of violence." In this motion, the Petitioner contends this is error because the provision is unconstitutionally vague.

III.

In *Johnson*, the United States Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id*. at 2563. The authorization of the Petitioner's successive motion is based on the possibility that his sentence may be incompatible with *Johnson*, which the Seventh Circuit determined to be a new rule of constitutional law. *See Price*, 795 F.3d at 734. In 2017, however, the United States Supreme Court held that because the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, *Johnson* does not apply to the guidelines. *See Beckles*, 137 S. Ct. at 890.

The Petitioner was sentenced on August 22, 2005. The Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005) on January 12, 2005. Accordingly, the Petitioner was sentenced under the current advisory guidelines scheme.

On March 6, 2017, the Supreme Court decided *Beckles*. Prior to that decision, the Seventh Circuit held in *United States v. Hurlburt*, 835 F.3d 715 (7th

4

Cir. 2016) that vagueness challenges against the guidelines were permissible. *See id*. at 725. The Supreme Court then in *Beckles* overruled *Hurlburt*. *See United States v. Cook*, 850 F.3d 328, 333 (7th Cir. 2017) ("This week, the Supreme Court overturned that decision, holding that 'the Guidelines are not subject to a vagueness challenge under the Due Process Clause.'"). Accordingly, the Petitioner's vagueness challenge fails.

The Petitioner's § 2255 petition depends entirely on the premise that the advisory Guidelines may be attacked as unconstitutionally vague. However, the Supreme Court has now determined that the reasoning of *Johnson* does not extend to the career offender guideline's residual clause (or any other allegedly vague guideline provision).

Because the Petitioner's argument that the guidelines are unconstitutionally vague has now been rejected, the Court will deny the § 2255 motion. The Court need not address the Government's alternative arguments as to why the Petitioner's motion should be dismissed.

The Court concludes that, following the Supreme Court's decision in *Beckles*, the issue of whether the advisory guidelines may be attacked as unconstitutionally vague is no longer one that reasonable jurists might debate. Accordingly, the Court declines to grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

Ergo, the Petitioner's Successive Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. §2255 [d/e 1] is DENIED.

The Petitioner's Successive Supplemental Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. §2255 is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to grant a certificate of appealability regarding whether vagueness challenges may be raised against the post-*Booker*, advisory Guidelines.

The Clerk will enter Judgment and terminate this case.

ENTER: February 16, 2018

    FOR THE COURT:

    /s/ *Richard Mills*
Richard Mills
United States District Judge